IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS LEE HENDERSON, SR., | ) | No. C 11-4918 RMW (PR) |
| Plaintiff, | ) | ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; ADDRESSING PENDING MOTIONS |
| v. | ) | |
| DR. J. ESPINOZA, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court orders service on defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2  　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. See West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.　　Plaintiff's Claims

7  　　　A review of Plaintiff complaint demonstrates that, liberally construed, he states a
8  cognizable claim that Defendants were deliberately indifferent to his serious medical needs.
9  　　　Plaintiff also names the California Department of Corrections and Rehabilitation
10 ("CDCR"), San Quentin State Prison ("SQSP"), and the California Correctional Health Care
11 Services as defendants.  However, the CDCR, SQSP, and the California Correctional Health
12 Care Services are immune from suit under the Eleventh Amendment.  See, e.g., Brown v. Cal.
13 Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections entitled
14 to Eleventh Amendment immunity); Allison v. Cal. Adult Authority, 419 F.2d 822, 823 (9th Cir.
15 1969) (San Quentin State Prison not "person" within meaning of Civil Rights Act).
16 Accordingly, the CDCR, SQSP, and the California Correctional Health Care Services are
17 DISMISSED with prejudice.

18 C.　　Motion for Appointment of Counsel

19 　　　Plaintiff's motion for appointment of counsel (docket no. 3) is DENIED for want of
20 exceptional circumstances.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); see also
21 Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) (there is no constitutional right to
22 counsel in a civil case).  The issues in this case are not particularly complex and plaintiff has
23 thus far been able to adequately present his claims.  This denial is without prejudice to the
24 court's sua sponte appointment of counsel at a future date should the circumstances of this case
25 warrant such appointment.

26 D.　　Motion for Emergency Preliminary Injunction

27 　　　Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary
28

1 injunction or temporary restraining order ("TRO").  Prior to granting a preliminary injunction, notice to the adverse party is required.  See Fed. R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).

No party has yet been served in this action.  A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  See Fed. R. Civ. P. 65(b).  Neither factor has been satisfied here.

Plaintiff's motion for an emergency preliminary injunction is DENIED without prejudice.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on **Dr. J. Espinoza, Dr. D. Shampain,** and **Dr. J.K. Yu** at **SQSP**.  The clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

2. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual

1  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
2  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
3  **qualified immunity found, if material facts are in dispute.  If defendants are of the opinion**
4  **that this case cannot be resolved by summary judgment, they shall so inform the court**
5  **prior to the date the summary judgment motion is due.**

6        3.      Plaintiff's opposition to the dispositive motion shall be filed with the court and
7  served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

8        a.      In the event defendants file an unenumerated motion to dismiss under
9  Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of
> the Federal Rules of Civil Procedure, on the ground you have not exhausted your
> administrative remedies.  The motion will, if granted, result in the dismissal of
> your case.  When a party you are suing makes a motion to dismiss for failure to
> exhaust, and that motion is properly supported by declarations (or other sworn
> testimony) and/or documents, you may not simply rely on what your complaint
> says.  Instead, you must set out specific facts in declarations, depositions, answers
> to interrogatories, or documents, that contradict the facts shown in the defendant's
> declarations and documents and show that you have in fact exhausted your
> claims.  If you do not submit your own evidence in opposition, the motion to
> dismiss, if appropriate, may be granted and the case dismissed.

      b.      In the event defendants file a motion for summary judgment, the
Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which
> they seek to have your case dismissed.  A motion for summary judgment under
> Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment.  Generally, summary judgment must be granted when there is
> no genuine issue of material fact--that is, if there is no real dispute about any fact
> that would affect the result of your case, the party who asked for summary
> judgment is entitled to judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you cannot simply
> rely on what your complaint says.  Instead, you must set out specific facts in
> declarations, depositions, answers to interrogatories, or authenticated documents,
> as provided in Rule 56(e), that contradict the facts shown in the defendants'
> declarations and documents and show that there is a genuine issue of material fact

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

>for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    6.    All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the

1  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply
2  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
3  to his benefit to wait until defendants have filed a dispositive motion which could include some
4  or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered
5  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
6  Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer
7  with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a
8  motion to compel he must send a letter to defendants to that effect, offering them one last
9  opportunity to provide him with the sought-after information.

10      8.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
11 and all parties informed of any change of address and must comply with the court's orders in a
12 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
13 pursuant to Federal Rule of Civil Procedure 41(b).

14      IT IS SO ORDERED.
15 DATED: _____

           _____
           RONALD M. WHYTE
16         United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON SR., | Case Number: CV11-04918 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CA DEPT OF CORRECTIONS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Curtis Lee Henderson
Corcoran State Prison
H-43488
P.O. Box 5244
Corcoran, CA 93212

Dated: March 6, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk