E-FILED on 5/18/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS LEE HENDERSON, SR., | ) | No. C 11-4918 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION |
| | ) | FOR RECONSIDERATION OF |
| v. | ) | PRELIMINARY INJUNCTION; |
| | ) | DENYING IN PART AND |
| DR. J. ESPINOZA, et al., | ) | GRANTING IN PART |
| | ) | PLAINTIFF'S MOTION FOR |
| Defendants. | ) | EXTENSION OF TIME |
| | ) | |

(Docket Nos. 19, 23, 32)

Plaintiff, a state prisoner proceeding pro se, filed a federal civil rights complaint under 42 U.S.C. § 1983, arguing that defendants were deliberately indifferent to his serious medical needs. On March 6, 2012, the court dismissed some defendants, and served the complaint on the remaining defendants. The court also denied plaintiff's emergency motion for a preliminary injunction because plaintiff failed to demonstrate that he was entitled to one without notice to the adverse parties.

On April 4, 2012, plaintiff filed a motion to reconsider his motion for preliminary injunction. On April 16, 2012, plaintiff filed a supplemental motion in support of his motion for a temporary restraining order. On April 25, 2012, defendants filed their opposition and a request for judicial notice. On May 11, 2012, Plaintiff filed his reply, and an opposition to defendants' request for judicial notice. Defendants' request for judicial notice is GRANTED. Having

reviewed the pleadings, the court DENIES plaintiff's motion for reconsideration.

In his motion, plaintiff requests a temporary restraining order or preliminary injunction to order that: (1) two dislodged screws be removed from plaintiff's clavicle; (2) plaintiff be issued a soft food chrono and ice for the plates in his face; and (3) plaintiff be placed back on morphine. Defendants argue Plaintiff's motion is barred by a pending class action, Plata v. Schwarzenegger, No. C-01-1351-TEH (N.D.Cal., filed April 5, 2001). In Plata, a June 13, 2002 Stipulation for Injunctive Relief stated that the class "consists of all prisoners in the custody of the CDC[R] with serious medical needs . . . ." (Req. for Jud. Not., Ex. 1, ¶ 8.) Thus, argue defendants, plaintiff is a member of the Plata class. (Opp. at 1-2.)

Plaintiff baldly argues that he falls "outside" the confines of Plata. However, he does not offer any support to his claim. Separate individual suits may not be maintained for equitable relief from alleged unconstitutional prison conditions while there is a pending class action suit involving the same subject matter. McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." Id. Here, the Plata action involves the same subject matter -- adequacy of medical care -- as plaintiff's claim here. Thus, plaintiff's claim for injunctive relief may not be maintained because it falls within the subject matter of Plata. Plaintiff's motion for reconsideration of his motion for a preliminary injunction is DENIED.

Plaintiff has also filed a motion for extension of time to file an opposition to defendants' motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(d) (formerly, Rule 56(f)). The court notes that, on July 20, 2012 plaintiff has since filed an opposition. Plaintiff's motion for an extension of time is GRANTED in part, and DENIED in part.

To the extent plaintiff moves for additional time to obtain necessary discovery, Federal Rule of Civil Procedure 56(d) is a device for litigants to avoid summary judgment when the

Order Denying Motion for Reconsideration of Preliminary Injunction; Denying in Part and Granting in Part
Plaintiff's Motion for Extension of Time
G:\PRO-SE\SJ.Rmw\CR.11\Henderson918PI.wpd    2

| | |
|---|---|
| 1 | non-movant needs to discover affirmative evidence necessary to oppose the motion. See <u>Garrett</u> |
| 2 | <u>v. San Francisco</u>, 818 F.2d 1515, 1518 (9th Cir. 1987). In making a Rule 56(d) motion, a party |
| 3 | opposing summary judgment must make clear "what information is sought and how it would |
| 4 | preclude summary judgment." <u>Margolis v. Ryan</u>, 140 F.3d 850, 853 (9th Cir. 1998); <u>see, e.g.</u>, <u>id.</u> |
| 5 | at 853-54 (district court correctly denied motion for continuance to engage in further discovery |
| 6 | under Rule 56(d) where plaintiff did not provide any basis or factual support for his assertions |
| 7 | that further discovery would lead to the facts and testimony he described, and his assertions |
| 8 | appeared based on nothing more than "wild speculation"). Rule 56(d) requires that the |
| 9 | requesting party show (1) it has set forth in affidavit form the specific facts it hopes to elicit from |
| 10 | further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose |
| 11 | summary judgment. <u>Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage</u> |
| 12 | <u>Corp.</u>, 525 F.3d 822, 827 (9th Cir. 2008). Plaintiff has not demonstrated any of these factors. |
| 13 | Accordingly, plaintiff's motion for an extension of time pursuant to Rule 56(d) is denied. |
| 14 | However, because plaintiff also alleged that he needs more time to conduct discovery |
| 15 | negotiations with defendants, and he has limited access to the law library, the court GRANTS |
| 16 | plaintiff an extension of time to file his opposition, and deems plaintiff's opposition, filed on |
| 17 | July 20, 2012, timely. |

IT IS SO ORDERED.

DATED: ï ĐFĐG

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Motion for Reconsideration of Preliminary Injunction; Denying in Part and Granting in Part
Plaintiff's Motion for Extension of Time
G:\PRO-SE\SJ.Rmw\CR.11\Henderson918PI.wpd        3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON SR., | Case Number: CV11-04918 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CA DEPT OF CORRECTIONS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 31, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Lee Henderson H-43488
Corcoran State Prison
D3-130
P.O. Box 5242
Corcoran, CA 93212

Dated: July 31, 2012

                                              Richard W. Wieking, Clerk
                                              By: Jackie Lynn Garcia, Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON SR.,

        Plaintiff,

  v.

CA DEPT OF CORRECTIONS et al,

        Defendant.

Case Number: CV11-04918 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 31, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Lee Henderson H-43488
Corcoran State Prison
D3-130
P.O. Box 5242
Corcoran, CA 93212

Dated: July 31, 2012

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk