IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS LEE HENDERSON, SR., | ) | No. C 11-4918 RMW (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANT'S MOTION FOR |
| v. | ) ) | SUMMARY JUDGMENT |
| DR. J. ESPINOZA, et al., | ) ) | (Docket No. 29) |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges that defendant Drs. Espinoza, Shampain, and Yu were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Defendant Dr. Espinoza ("Dr. Espinoza") has moved for summary judgment, arguing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Plaintiff has filed both an opposition and supplemental opposition, and Dr. Espinoza has filed a reply. Dr. Espinoza has also filed a request for judicial notice, which is GRANTED. Having carefully considered the papers submitted, the court hereby GRANTS Dr. Espinoza's motion for summary judgment, for the reasons set out below.

**BACKGROUND**

The following facts are undisputed unless otherwise indicated.

On May 11, 2011, plaintiff was assaulted and suffered serious injuries. (Compl. at 4.)

1 | He was diagnosed with a fractured right clavicle and a facial fracture. (Decl. Espinoza at ¶ 4,
2 | Ex. A at 2.) Plaintiff had surgery to treat his facial fracture, which required the use of two plates
3 | and approximately ten screws, plus the removal of several upper teeth. (Compl. at 4.) Plaintiff
4 | was prescribed a Figure-8 brace and pain medication. (Decl. Espinoza, Ex. A at 5.)
5 |      On June 6, 2011, plaintiff was prescribed a soft-food diet for two to three weeks. (Decl.
6 | Espinoza, Ex. A at 4.) On July 12, 2011, plaintiff was prescribed a liquid-nutrition supplement
7 | three times a day until July 31, 2011. (Id. at 4.)
8 |      On July 18, 2011, plaintiff sought dental and medical care, but was denied. (Compl. at
9 | 4.) Similarly, on July 26 and 27, 2011, plaintiff sought medical care, and was denied. (Id.)
10 | Finally, on July 29, 2011, plaintiff was seen by Dr. Espinoza, a doctor at San Quentin State
11 | Prison. (Id.; Decl. Espinoza at ¶ 1.) Plaintiff explained to her that he was in severe pain from his
12 | facial fracture and his broken clavicle. (Compl. at 5.) Dr. Espinoza reviewed plaintiff's medical
13 | file and x-rays of plaintiff's facial fracture and broken clavicle. (Id.; Decl. Espinoza at ¶ 3.)
14 |      Plaintiff requested that Dr. Espinoza renew the prescriptions for a soft-food diet and
15 | liquid-nutrition supplement. (Compl. at 5.) Plaintiff alleges that Dr. Espinoza told him that she
16 | could not issue those items because the health care policies are very strict. (Id.) Plaintiff also
17 | requested that the bone in his clavicle be re-set because the pain was getting worse. (Id.)
18 | Plaintiff further requested morphine, an ice chrono for his face, and a sling for his arm. (Id.)
19 | Plaintiff alleges that Dr. Espinoza denied both the ice chrono and the sling, but prescribed him
20 | Tylenol and indomethacin for pain. (Id.) Plaintiff had to make a sling out of a sheet as an
21 | alternative. (Id.)
22 |      According to Dr. Espinoza, she did not renew plaintiff's prescriptions for a soft-food diet
23 | or liquid-nutrition supplement because, in general, patients with a jaw fracture such as plaintiff's
24 | usually only receive such prescriptions for a few weeks, and it had been two months since
25 | plaintiff incurred his injury. (Decl. Espinoza at ¶ 6.) Dr. Espinoza did not believe there was any
26 | medical reason why plaintiff would still need to receive those prescriptions. (Id. and Ex. A at 6.)
27 | She believed that it was more appropriate for plaintiff's dentist to determine whether those
28 |

1  prescriptions were necessary and opted to wait for the dentist's recommendations. (Decl.
2  Espinoza at ¶ 6 and Ex. A at 6.) Regarding plaintiff's request for pain medication, because
3  plaintiff was not on any pain medication when Dr. Espinoza saw him, she prescribed
4  indomethacin, an anti-inflammatory drug, and Tylenol. (Decl. Espinzoa at ¶ 7.) The standard of
5  care for chronic pain management is to first prescribe "first-line medications" rather than
6  narcotics. (Id.) In addition, it was not clear to Dr. Espinoza that plaintiff's medical condition
7  regarding his clavicle warranted a narcotic drug because "clavicular fractures do not typically
8  require long-term narcotic pain medications." (Id.) Although Dr. Espinoza did not believe a
9  sling was medically indicated, she prescribed a sling for two months and referred plaintiff to an
10 orthopedic surgeon for advice on whether the sling was medically necessary. (Id. at ¶ 8.)

Dr. Espinoza scheduled plaintiff for a follow-up in thirty days. (Decl. Espinoza at ¶ 9.) However, in mid-August 2011, plaintiff was transferred out of SQSP. (Decl. Espinoza, Ex. A at 12.)

## DISCUSSION

In his federal complaint, plaintiff alleges that, on July 29, 2011, Dr. Espinoza refused to properly treat his broken clavicle and facial fracture. Dr. Espinoza argues that she provided appropriate medical care.

A.  Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving

party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Liberty Lobby, Inc., 477 U.S. at 248 (1986). It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999).

B.      Law

A determination of "deliberate indifference to serious medical needs" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendants' response to that need. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

C.     Analysis

There is no genuine issue of material fact as to whether Dr. Espinoza was deliberately indifferent to plaintiff's medical needs. On July 29, 2011, she examined him and recognized his previous diagnoses of a facial and right clavicle fracture. (Decl. Espinoza at ¶ 4, Ex. A at 6.) She noted that plaintiff was requesting several unspecified chronos, Tylenol with codeine,[1] and a soft diet. (Decl. Espinoza at ¶ 5, Ex. A at 6.) Dr. Espinoza rejected the above items. Because plaintiff was not currently on any pain medications, the standard of medical care called for first-line medications rather than narcotics, and thus Dr. Espinoza prescribed Tylenol and indomethacin. (Decl. Espinoza at ¶ 7.) In addition, because patients with a jaw fracture normally were prescribed a soft-food diet or liquid-nutrition supplement for a few weeks after the initial injury, and plaintiff had been injured two months prior, Dr. Espinoza did not believe they were medically necessary. (Id. at ¶ 6.) Instead, Dr. Espinoza deferred the decision to plaintiff's dentist to determine whether such items were medically necessary. (Id.) Finally, even though Dr. Espinoza did not believe a sling was medically necessary at the time, she prescribed one for two months and referred plaintiff to an orthopedic surgeon to follow up. (Id. at ¶ 8.)

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004). In order to prevail on a claim involving choices between alternative courses of treatment,

---

[1] Plaintiff claims that he requested morphine, and does not suggest that he wanted Tylenol with codeine. This disputed fact is not material to the analysis.

1  a plaintiff must show that the course of treatment the doctor chose was medically unacceptable
2  under the circumstances and that she chose this course in conscious disregard of an excessive
3  risk to plaintiff's health. Id. at 1058.

4  At most here, plaintiff has a difference of opinion as to whether Dr. Espinoza should have
5  ordered renewed his prescriptions for a soft-food diet or liquid-nutrition supplement, and
6  whether she should have prescribed narcotic pain medication. Further, he has provided nothing
7  to suggest that Dr. Espinoza's avenue of treatment was medically unacceptable under the
8  circumstances, or that she chose those methods of treatment in conscious disregard to plaintiff's
9  health. See id. Moreover, plaintiff notes that he received a sling on August 16, 2011. (Opp. at
10  7.) Plaintiff appears to be specifically complaining that Dr. Espinoza did not give him a sling on
11  the date of his appointment, and does not suggest that Dr. Espinoza failed to order him a sling.
12  That Dr. Espinoza ordered plaintiff a sling, but did not have a sling on hand does not
13  demonstrate that she knew plaintiff faced a substantial risk of serious harm and disregarded it by
14  failing to take reasonable steps. See Farmer, 511 U.S. at 837. Moreover, Dr. Espinoza did not
15  believe that a sling was medically necessary considering plaintiff's condition. (Decl. Espinoza at
16  ¶ 8.) There is an absence of evidence that Dr. Espinoza purposefully failed to fact, or that
17  plaintiff suffered a resulting harm from the time Dr. Espinoza ordered the sling until three weeks
18  later, when plaintiff received one. See McGuckin, 974 F.2d at 1060.

19  In addition, the evidence is undisputed that July 29, 2011 is the only encounter that
20  plaintiff ever had with Dr. Espinoza. Although Dr. Espinoza does not discuss plaintiff's
21  allegation that he also requested an ice chrono, at most, the evidence shows that Dr. Espinoza's
22  actions and medical decisions were negligent, and thus, not sufficient to sustain an allegation of
23  deliberate indifference. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly
24  failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not
25  constitutional violation; isolated occurrences of neglect may constitute grounds for medical
26  malpractice but do not rise to level of unnecessary and wanton infliction of pain).

27  To the extent plaintiff is complaining that Dr. Espinoza refused to see or treat him, there
28

Order Granting Defendant Dr. Espinoza's Motion for Summary Judgment
G:\PRO-SE\SJ.Rmw\CR.11\Henderson918msj.wpd
6

1  is an absence of evidence to support his claim.  Plaintiff has not demonstrated that there is a
2  material issue of disputed fact as to whether Dr. Espinoza exhibited deliberate indifference.
3  According to plaintiff, on July 15 and 26, 2011, plaintiff was granted leave for a nurse visit.  (Pl.
4  Opp., Exs. D & E.)  Although plaintiff asserts that on some unknown date, he had requested to
5  see Dr. Espinoza and she refused to see him, he provides no support for his statement, and thus it
6  is insufficient to establish a genuine issue of material fact.  See Rodriguez v. Airborne Express,
7  265 F.3d 890, 902 (9th Cir. 2001); see also Thornton v. City of St. Helens, 425 F.3d 1158, 1167
8  (9th Cir. 2005) (in equal protection case, conclusory statement of bias to sufficient to carry
9  nonmoving party's burden).  Plaintiff also claims that he was granted leave to see a doctor on
10 July 27, 2011.  (Pl. Opp., Ex. E.)  Despite the fact that plaintiff was in trial on that day and not at
11 the prison (Req. Judicial Notice, Ex. B), even assuming that Dr. Espinoza knew that plaintiff was
12 requesting medical treatment, nowhere in his pleadings does plaintiff assert that Dr. Espinoza
13 knew about, or even had reason to know about, plaintiff's medical condition or concerns.  Thus,
14 plaintiff has not shown a genuine issue of material fact about whether Dr. Espinoza knew that
15 plaintiff faced a substantial risk of harm and disregarded that risk by failing to see plaintiff.  See
16 Farmer, 511 U.S. at 837.  The law is clear that even if Dr. Espinoza should have been aware of
17 the risk, but was not, she has not violated the Eighth Amendment.  See Gibson, 290 F.3d at 1188.

18        Moreover, Dr. Espinoza saw plaintiff on July 29, 2011 – two days after he was initially
19 scheduled to see her.  Plaintiff has not shown that Dr. Espinoza knew that a two-day delay could
20 cause significant harm to plaintiff, or that she had any control over those delays.  See Hallett v.
21 Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002) (plaintiffs could not prove Eighth Amendment
22 violation in class action because they "have not demonstrated that delays occurred to patients
23 with [dental] problems so severe that delays would cause significant harm and that defendants
24 should have known this to be the case"); Walker v. Benjamin, 293 F.3d 1030, 1038 (7th Cir.
25 2002) (doctor entitled to summary judgment where plaintiff presented no evidence that delays
26 between plaintiff's initial visit, diagnosis and visit to the specialist were within the doctor's
27 control or the doctor was deliberately indifferent to the medical needs or that the delay
28

Order Granting Defendant Dr. Espinoza's Motion for Summary Judgment
G:\PRO-SE\SJ.Rmw\CR.11\Henderson918msj.wpd
7

contributed to plaintiff's injuries).

For the above reasons, Dr. Espinoza is entitled to summary judgment as a matter of law.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED. Judgment is entered in favor of Dr. Espinoza, and she is terminated from this action.

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON SR., | Case Number: CV11-04918 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CA DEPT OF CORRECTIONS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Lee Henderson H-43488
Corcoran State Prison
D1-148
P.O. Box 5242
Corcoran, CA 93212

Dated: March 27, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk