IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS LEE HENDERSON, SR., | ) | No. C 11-4918 RMW (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | ) ) | |
| DR. K. YU, et al., | ) | (Docket Nos 54, 64.) |
| Defendants. | ) ) ) | |

    Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical needs. Defendant Dr. K Yu ("Dr. Yu") has moved to dismiss the claim against him for failure to exhaust. Plaintiff has filed an opposition and Dr. Yu has filed a reply. Having carefully considered the papers submitted, the court GRANTS Dr. Yu's motion to dismiss for the reasons set out below.

**BACKGROUND**

    The following facts are undisputed unless otherwise indicated.

    On May 11, 2011, plaintiff was assaulted and suffered serious injuries. (Compl. at 4.) He was diagnosed with a fractured right clavicle and needed his upper teeth removed. (Id.) Plaintiff had surgery to treat his facial fracture, which required the use of two plates and approximately ten screws, plus the removal of several upper teeth. (Id.) Plaintiff was prescribed a pain medication and a soft-food diet because he had no teeth to chew solid food. (Id.)

In July 2011, plaintiff saw Dr. Espinoza and requested a renewal of his orders for soft food and liquid lactose-free food. (Id. at 5.) He also requested an ice chrono and a sling, but Dr. Espinoza only prescribed tylenol and indomethacin for pain. (Id.)

On September 15, 2011, plaintiff saw Dr. Yu, and requested that Dr. Yu renew plaintiff's orders for soft food, liquid lactose-free food, pain medication, and surgery to repair plaintiff's broken clavicle. (Id. at 6.) Dr. Yu also did not help plaintiff. (Id.)

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

Failure to exhaust is an affirmative defense under the PLRA. Jones v. Bock, 549 U.S. 199, 211 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Id. at 215-17. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."

Order Granting Defendant's Motion to Dismiss
G:\PRO-SE\RMW\CR.11\Henderson918mtdexh.wpd

1  Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative
2  appeals alleging misconduct by correctional officers. Cal. Code Regs. tit. 15, § 3084.1(e). In
3  order to exhaust available administrative remedies within this system, a prisoner must submit his
4  complaint on CDCR Form 602 ("602") and proceed through several levels of appeal:
5  (1) informal level grievance filed directly with any correctional staff member, (2) first formal
6  level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal
7  filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR
8  director or designee ("Director's level"). Cal. Code Regs. tit. 15, § 3084.5; Brodheim v. Cry,
9  584 F.3d 1262, 1264-65 (9th Cir. 2009). This satisfies the administrative remedies exhaustion
10 requirement under Section 1997e(a).

11 Dr. Yu argues that plaintiff has failed to exhaust his claim against him before September
12 28, 2011, the date that plaintiff filed the underlying complaint. Dr. Yu notes that plaintiff had
13 only filed one administrative grievance between September 15, 2011 – the date he saw Dr. Yu –
14 and September 28, 2011. That grievance, COR HC 11048218, however, concerned getting
15 copies of plaintiff's medical records. (Mot., Ex. A at 3, Ex. B.) It did not relate to plaintiff's
16 underlying complaint here that he was not receiving proper medical treatment for his injuries.

17 Plaintiff responds that the grievance which exhausted his claim against Dr. Yu was SQ
18 HC 11022920. (Opp., Ex. A.)

19 A review of SQ HC 11022920 shows that plaintiff submitted this grievance to prison
20 officials on July 20, 2011 – before he ever saw Dr. Yu. (Id.) In that grievance, plaintiff alleged
21 that he suffered a broken clavicle and was in extreme pain. (Id.) Plaintiff asserted that he was
22 being generally denied medical treatment, and requested proper pain medication as well as
23 surgery to correct the fracture. (Id.) On September 14, 2011, the response from the first level of
24 review "partially granted" plaintiff's grievance, noting that plaintiff had an appointment with an
25 orthopedic physician on August 11, 2011, and was taking pain medications. (Id.) Plaintiff met
26 with Dr. Yu the following day, on September 15, 2011, the day of which plaintiff complains.
27 Rather than file an administrative appeal to the second level of review, plaintiff filed a federal
28

Order Granting Defendant's Motion to Dismiss
G:\PRO-SE\RMW\CR.11\Henderson918mtdexh.wpd

3

1  complaint.

2  As an initial matter, the court notes that SQ HC 11022920 was filed before plaintiff even
3  met with Dr. Yu. Thus, SQ HC 11022920 could not have provided any notice to prison officials
4  regarding the nature of the wrong for which redress was sought regarding Dr. Yu's actions.
5  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646,
6  650 (7th Cir. 2002)).

7  More importantly, the obligation to exhaust persists as long as some remedy is available;
8  when that is no longer the case, the prisoner need not further pursue the grievance. Brown v.
9  Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Here, there is no indication that plaintiff could not
10 have continued to grieve his issue within the administrative appeal system. This is not a case
11 like Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010), because here, plaintiff clearly was not
12 satisfied with his partial grant as noted by this underlying action, and he was thus required to
13 proceed through all three levels of appeal before he satisfied exhaustion.

14 Plaintiff has not provided any evidence to meet his burden of demonstrating that the
15 grievance process was otherwise unavailable to proceed through all three levels of appeal.
16 Further, plaintiff has not provided any other evidence of exhaustion. Accordingly, the court
17 concludes that plaintiff has failed to exhaust his administrative remedies.

## CONCLUSION

Defendant Dr. Yu's motion to dismiss is GRANTED. Judgment shall be entered in favor of Dr. Yu. In light of the court's decision, the parties' stipulated protective order is terminated as unnecessary.

This order terminates docket numbers 54 and 64.

IT IS SO ORDERED.

DATED: JDCEFH

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Defendant's Motion to Dismiss
G:\PRO-SE\RMW\CR.11\Henderson918mtdexh.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON SR.,

        Plaintiff,

  v.

CA DEPT OF CORRECTIONS et al,

        Defendant.

Case Number: CV11-04918 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Lee Henderson H-43488
California State Prison
A2-107
P.O. Box 409020
Ione, CA 95640

Dated: September 20, 2013

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk