IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | No. C 11-4918 RMW (PR) |
| Plaintiff, | ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT; FURTHER BRIEFING |
| v. | |
| DR. D. SHAMPAIN, | (Docket No. 88) |
| Defendant. | |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court screened plaintiff's complaint and orders service upon the named defendants.[1] On May 16, 2013, after having received an executed service of summons for Dr. David Shampain, the court entered default against him and directed him to file a motion to set aside the default. On September 20, 2013, Dr. Shampain filed a motion to set aside the default. Plaintiff has filed an opposition, and Dr. Shampain filed a reply. For the reasons set forth below, the court GRANTS Dr. Shampain's motion to set aside the default.

**BACKGROUND**

On March 7, 2012, the court issued a summons to Dr. Shampain, to be served upon him

---

[1] On March 27, 2013, the court granted Dr. Espinoza's motion for summary judgment. On September 20, 2013, the court granted Dr. Yu's motion to dismiss. The only remaining defendant is Dr. Shampain.

at San Quentin State Prison ("SQSP"). On April 10, 2012, the summons was returned executed, with a notation that on March 16, 2012, it was given to Terri McKay at SQSP. On June 26, 2012, the litigation coordinator at SQSP filed a letter in which he stated that he was not present when the summons was accepted, and upon review of the documents, could not accept service on behalf of Dr. Shampain because Dr. Shampain was a contract employee and had not been present at SQSP since October 2011. Based on that information, on July 31, 2012, the court directed plaintiff to provide more information regarding the location of Dr. Shampain so that service could be effected.

On September 17, 2012, after having received further information from plaintiff, the court again attempted service upon Dr. Shampain. On October 10, 2012, the summons was returned executed, with a notation that an acknowledgement of receipt was received on October 1, 2012. On May 13, 2013, after having received no communication from Dr. Shampain, the court directed the clerk to enter a notice of default against Dr. Shampain. Several efforts to notify Dr. Shampain of the entry of default were returned as undeliverable.

On September 20, 2013, Dr. Shampain filed the instant motion to set aside default.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(c), a district court may set aside the entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c). To determine "good cause," a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id. However, even if one of the factors goes against the defendant, the court may still exercise its discretion and grant the motion. See Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not."). In considering a motion to set aside default, a court should bear in mind that "judgment by default is a drastic

step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

Here, all three factors weigh in favor of setting aside default. "'[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer.'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis omitted). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" Mesle, 615 F.3d at 1092. Defendant Dr. Shampain has not acted in bad faith in failing to answer. Dr. Shampain contends that he was not properly served with the complaint and states that he did not learn about the lawsuit until September 3, 2013. (Shampain Decl. at ¶¶ 8-9.) Once he was notified of the notice of entry of default, Dr. Shampain contacted the California Attorney General's office to determine whether it would be representing him. (Id. at ¶ 9.) On September 9, 2013, the California Attorney General's office informed Dr. Shampain that it would not be representing him. (Id.) Thereafter, Dr. Shampain contacted his professional liability carrier. Thereafter, Dr. Shampain filed a timely motion to set aside the default.

In addition, Dr. Shampain has provided the court with specific facts that would constitute a meritorious defense. The Ninth Circuit has explained that the "meritorious defense" requirement "'is not extraordinarily heavy.'" Mesle, 615 F.3d at 1094. "All that is necessary to satisfy [the] requirement is to allege sufficient facts that, if true, would constitute a defense." Id. Here, Dr. Shampain states that, at the time he evaluated plaintiff, plaintiff was not at risk of serious bodily harm with the condition with which plaintiff presented, and Dr. Shampain believed that plaintiff would not suffer serious bodily harm due to plaintiff's lack of soft food or dentures. These facts, if true, constitute a defense to plaintiff's claim.

Moreover, there is no evidence that plaintiff would be prejudiced by setting aside the default against Dr. Shampain. To be prejudicial, the setting aside of default must result in

greater harm than simply delaying resolution of the case. TCI Group, 244 F.3d at 701. Here, there is no evidence of any harm to plaintiff other than delay.

Accordingly, Dr. Shampain's motion to set aside the default is GRANTED.

## CONCLUSION

1. Dr. Shampain's motion to set aside default is GRANTED. The clerk shall set aside the entry of default.

2. No later than **sixty (60) days** from the date of this order, Dr. Shampain shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint. Dr. Shampain shall take care to conform to the requirements of Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Dr. Shampain is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Dr. Shampain is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Dr. Shampain no later than **thirty (28) days** from the date Dr. Shampain's motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

4. Dr. Shampain shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by the plaintiff with the court must be served on defense counsel, by mailing a true copy of the document to defense counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON SR.,<br><br>        Plaintiff,<br><br>  v.<br><br>CA DEPT OF CORRECTIONS et al,<br><br>        Defendant. | Case Number: CV11-04918 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 18, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Lee Henderson H-43488
California State Prison
A2-107
P.O. Box 409020
Ione, CA 95640

Dated: April 18, 2014

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk