*E-FILED*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, | No. C 11-4918 RMW (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| DR. SHAMPAIN, | |
| Defendant. | |

Plaintiff, a California state prisoner proceeding pro se, brought the instant civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants Dr. Espinoza, Dr. Yu, and Dr. Shampain were deliberately indifferent to plaintiff's serious medical needs. Finding that the complaint, liberally construed, stated a cognizable claim, the court ordered service upon defendants.[1] Defendant Dr. Shampain has moved for summary judgment based on a failure to exhaust. Plaintiff has filed an opposition, and defendant has filed a reply.

For the reasons stated below, after a review of the record, the court concludes that plaintiff has not demonstrated sufficient evidence to preclude summary judgment. Accordingly, the court GRANTS defendant's motion for summary judgment.

---

[1] On March 27, 2013, the court granted Dr. Espinoza's motion for summary judgment. On September 20, 2013, the court granted Dr. Yu's motion to dismiss for failure to exhaust.

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\RMW\CR.11\Henderson918msjgrant.wpd

1 | **BACKGROUND**[2]

On May 11, 2011, plaintiff was assaulted and suffered serious injuries. (Compl. at 4.) He was diagnosed with a fractured right clavicle and needed his upper teeth removed. (Id.) Plaintiff had surgery to treat his facial fracture, which required the use of two plates and approximately ten screws, plus the removal of several upper teeth. (Id.) Plaintiff was prescribed a pain medication and a soft-food diet because he had no teeth to chew solid food. (Id.)

On July 20, 2011, plaintiff submitted a health care appeals form, complaining that plaintiff was in extreme pain and had not been given medication to control the pain. (Opp., Ex. A.) Plaintiff requested treatment and pain medication. (Id.)

On July 29, 2011, plaintiff saw Dr. Espinoza, who prescribed Tylenol and indomethacin for the pain. (Compl. at 5.)

On August 1, 2011, plaintiff re-submitted his health care appeals form, adding that plaintiff had informed a doctor that plaintiff needed to be placed on soft food and liquid lactose-free food. (Opp., Ex. A.) Plaintiff further complained that he was losing weight from the lack of appropriate food, and that the plates caused him pain. (Id.)

On August 9, 2011, plaintiff was taken to see defendant Dr. Shampain, a dentist. (Compl. at 5.) Plaintiff requested from Dr. Shampain dentures, a soft food chrono, and pain medication. (Id. at 5-6.) Dr. Shampain took an x-ray and noted the plates in plaintiff's face. (Id. at 6.) Dr. Shampain informed plaintiff that plaintiff would likely have pain for some time. (Id.) Dr. Shampain further stated that he could not give dentures pursuant to policy, or soft food, but he would prescribe Tylenol for four days. (Id.)

**DISCUSSION**

**A.    Standard of Review**

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

---

[2] The following facts are taken in the light most favorable to plaintiff and are undisputed unless otherwise indicated.

party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322?23 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (a fact is material if it might affect the outcome of the suit under governing law, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Generally, when defendants move for summary judgment on an affirmative defense on which they bear the burden of proof at trial, they must come forward with evidence which would entitle them to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must now be raised in a motion for summary judgment. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment for non-exhaustion, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If defendants carry that burden, the prisoner has the burden of production. "That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence on a disputed material fact. See T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631.

**B.** **Analysis**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983],

1  or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility
2  until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
3  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S.
4  516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet
5  federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even
6  when the prisoner seeks relief not available in grievance proceedings, notably money damages,
7  exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).
8       The State of California provides its inmates and parolees the right to appeal
9  administratively "any policy, decision, action, condition, or omission by the department or its
10 staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or
11 her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust
12 available administrative remedies within this system, a prisoner must proceed through three
13 formal levels of appeal and receive a decision from the Secretary of the California Department of
14 Corrections and Rehabilitation or his designee. Id. § 3084.1(b), § 3084.7(d)(3); see Woodford v.
15 Ngo, 548 U.S. 81, 85-86 (2006).
16      Defendant argues that plaintiff has failed to exhaust his claim against him before plaintiff
17 filed the underlying complaint. Defendant notes that plaintiff had only filed one administrative
18 grievance between August 9, 2011 – the date he saw defendant – and September 28, 2011 – the
19 date plaintiff filed this underlying federal action. That grievance, COR HC 11048218, however,
20 concerned getting copies of plaintiff's medical records. (Robinson Decl., Ex. B.) It does not
21 relate to plaintiff's underlying complaint that he was not receiving proper dental treatment for his
22 injuries.
23      Plaintiff responds that the grievance which exhausted his claim against defendant was SQ
24 HC 11022920. (Opp., Ex. A.)
25      A review of SQ HC 11022920 shows that plaintiff submitted this grievance to prison
26 officials on July 20, 2011, and resubmitted it on August 1, 2011 – before he ever saw defendant.
27 (Id.) In that grievance, plaintiff alleged that he suffered a broken clavicle and was in extreme
28

pain. (Id.) Plaintiff asserted that he was being generally denied medical treatment, and requested proper pain medication as well as surgery to correct the fracture. (Id.) Plaintiff also argued that Dr. Espinoza had refused to renew plaintiff's orders for soft food and liquid lactose-free food. (Id.; Compl. at 5.)

As an initial matter, the court notes that SQ HC 11022920 was filed before plaintiff even met with defendant. Thus, SQ HC 11022920 could not have provided any notice to prison officials regarding the nature of the wrong for which redress was sought regarding defendant's actions. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).

Moreover, plaintiff requested relief in the form of proper pain medication and surgery to correct his fractured clavicle. (Opp., Ex. A.) Plaintiff's appeal was partially granted and the response indicated that plaintiff was scheduled to see an orthopedic physician on August 11, 2011, and that plaintiff was currently taking Tylenol and indomethacin for his pain. (Doc. No. 58, Ex. A at 8.)[3] Plaintiff's grievance did not request dentures or soft food, nor did it allege that defendant denied plaintiff's request, and thus, prison officials could not have been made aware of these issues in order to redress plaintiff's complaints. Because the grievance did not include sufficient information "to allow prison officials to take appropriate responsive measures," plaintiff did not properly exhaust his underlying federal claim against defendant. Griffin, 557 F.3d at 1120 (citation and internal quotation omitted) (no exhaustion where grievance complaining of upper bunk assignment failed to allege, as the complaint had, that nurse had ordered lower bunk but officials disregarded that order).

Plaintiff argues that because he had received a "partial grant" of his appeal, he was not required to pursue his grievance any further. Plaintiff's argument fails, however, because the appeal for which he received a "partial grant" pertained to actions that occurred prior to the

---

[3] Although plaintiff did not include the appeal response in his opposition to defendant's motion for summary judgment, he did include it in his opposition to defendant Dr. Yu's motion to dismiss.

actions complained of in the underlying complaint. Plaintiff had an obligation to exhaust the administrative remedies pertaining to defendant's actions, especially considering that defendant had not even met plaintiff until after plaintiff filed his grievance. This case is not like <u>Harvey v. Jordan</u>, 605 F.3d 681, 685 (9th Cir. 2010), because plaintiff clearly was not satisfied with his partial grant as noted by this underlying action, filed one week after the first level of appeal response in SQ HC 11022920 was completed. <u>See</u> <u>id.</u> ("An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies."). Thus, plaintiff was required to proceed through all three levels of appeal before he satisfied exhaustion. <u>See, e.g.</u>, <u>Sosa v. Sayre</u>, No. 12-283 WHO, 2014 WL 1116778, *2 (N.D. Cal. March 18, 2014).

In addition, the obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. <u>Brown v. Valoff</u>, 422 F.3d 926, 934-35 (9th Cir. 2005). Plaintiff's original grievance described his complaints about the lack of medical care and requested medical examination and treatment. Here, there is no indication that plaintiff could not have continued to grieve his issue within the administrative appeal system. Plaintiff has not provided any evidence to meet his burden of demonstrating that the grievance process was otherwise unavailable to proceed through all three levels of appeal. Further, plaintiff has not provided any other evidence of exhaustion. Accordingly, the court concludes that plaintiff has failed to exhaust his administrative remedies.

## CONCLUSION

Defendant's motion to for summary judgment is GRANTED. Plaintiff's claim against defendant is DISMISSED. The clerk shall terminate any pending motions, enter judgment, and close the file.

IT IS SO ORDERED.

DATED: _____

RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON SR.,

        Plaintiff,

  v.

DR. SHAMPAIN,

        Defendant.

Case Number: CV11-04918 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 21, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Lee Henderson H-43488
California State Prison
A2-107
P.O. Box 409020
Ione, CA 95640

Dated: November 21, 2014

                                    Richard W. Wieking, Clerk
                                    By: Jackie Lynn Garcia, Deputy Clerk